IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| EURISE LEBLANC and CYNTHIA LEBLANC, §§§§§§§§§§§§§§<br>Plaintiffs,<br><br>V.<br><br>KUBOTA TRACTOR CORPORATION, KUBOTA MANUFACTURING OF AMERICA CORPORATION, and KUBOTA NORTH AMERICA, Defendants. | Civil Action No. |

# COMPLAINT

COME NOW, before this Honorable Court, EURISE LEBLANC and wife CYNTHIA LEBLANC, (hereinafter referred to as "Plaintiffs") complaining of KUBOTA TRACTOR CORPORATION (hereinafter referred to as "Defendant KTC"), KUBOTA MANUFACTURING OF AMERICA CORPORATION (hereinafter referred to as "Defendant KMAC"), and KUBOTA NORTH AMERICA CORPORATION (hereinafter referred to as "Defendant KNAC")(collectively referred to as "Defendants Kubota"), and for cause of action would show unto the Court the following:

1

## INTRODUCTION/UNDERLYING FACTS

1. On June 24, 2017, Plaintiff Eurise LeBlanc purchased a Kubota SVL95-2S, serial number 36141, from Stewart Martin Equipment. The machine was designed, manufactured and marketed by Defendants Kubota.

2. On March 14, 2022, while Plaintiff Eurise LeBlanc was lowering the bucket of the Kubota SVL95-2S, he suffered a below the knee traumatic amputation of his right lower extremity. The dangerous condition that caused this injury exists when the bucket is being lowered and passes in front of the front cabin wall. This condition is so dangerous that it cannot be cured by a warning.

3. This machine was not equipped with a cabin door, barrier or other protective device which would have prevented this occurrence.

4. This risk has been addressed by Defendants Kubota in their Hazard Identification and Risk Assessment.

5. The cabin door is a safety item, and there is no good explanation as to why it was sold without the appropriate guard/barrier or door, as a door or guard/barrier should not be an optional component to the machine.

6. The Kubota SVL95-2S was designed and manufactured by the Defendants Kubota and was unreasonably dangerous in its design, manufacture and marketing.

7. Defendants Kubota placed the unreasonably dangerous Kubota SVL95-2S in the chain of commerce.

## JURISDICTION & VENUE

8. The matter in controversy exceeds the sum of $75,000, exclusive of costs and interest and there is complete diversity of citizenship between the Plaintiffs and the Defendants pursuant to 28 US Code § 1332.

9. The present Court has personal jurisdiction in that the Defendants do business within the State of Texas or otherwise have minimum contacts with the State of Texas. The Court has subject matter jurisdiction as the amount in controversy is within the limits of the Court, and no other court has exclusive jurisdiction.

10. Plaintiffs' rights and remedies arise under the common and statutory laws of the State of Texas. The jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. § 1391(a)(2) & (3), as the event giving rise to the amputation of Plaintiff Eurise LeBlanc's right leg in Brazoria County, which lies within the jurisdictional limits of this Galveston Division of the Southern District of Texas; Defendants do substantial business within said county and division; the property at issue lies within said county and division; contracts at issue herein were performed within said county and division; and documents, and physical and other evidence, relevant to this matter were created and are preserved and maintained within said county and division.

## PARTIES

11. Plaintiffs are individuals who reside in Brazoria County, Texas.

12. Defendant KUBOTA TRACTOR CORPORATION is a foreign business doing business in the State of Texas and may be served with summons and a copy of this Complaint by serving its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201, or wherever it may be found.

13. Defendant KUBOTA MANUFACTURING OF AMERICA CORPORATION is a foreign company doing business in the State of Texas and may be served with summons and a copy of this Complaint by serving its registered agent: Jeffrey P. Watson, 2715 Ramsey Road, Gainesville, Georgia 30501, or wherever it may be found.

14. Defendant KUBOTA NORTH AMERICA CORPORATION is foreign company doing business in the State of Texas and may be served with summons and a copy of this Complaint by serving its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801, or wherever it may be found.

## RELATIONSHIP OF PARTIES

15. Plaintiff Eurise LeBlanc purchased a Kubota SVL95-2S which was designed, manufactured, marketed, and placed in the chain of commerce by Defendants Kubota. The machine that was purchased by Plaintiffs had dangerous conditions/elements which producingly caused or proximately caused Plaintiffs' injuries and damages.

## UNDERLYING FACTS.

16. On June 24, 2017, Plaintiff Eurise LeBlanc purchased a Kubota SVL95-2S, serial number 36141 from Stewart Martin Equipment. The Kubota in question was designed, manufactured and marketed by Defendants Kubota.

17. The Kubota SLV95-2S sold to Plaintiff Eurise LeBlanc was sold without a door, partition, or safety barrier on the cab of the machine.

18. On March 14, 2022, Plaintiff, Eurise LeBlanc, suffered a below the knee traumatic amputation of his right leg while operating his Kubota SVL95-2S.

19. It has become necessary to bring this suit because of the painful and permanent injuries sustained by Plaintiff Eurice LeBlanc.

## NEGLIGENCE

**Negligence of Defendants Kubota:**

20. Defendant Kubota Tractor Corporation and/or Kubota Manufacturing of America Corporation and/or Kubota North America Corporation acting by and trough their agents or employees, was/were negligent, including but limited to, the following:

   a. In its design of the Kubota SVL95-2S;
   b. Iin its manufacturing of the Kubota SVL95-2S; and
   c. In the alternative, failing to warn of the dangerous condition that will occur when the bucket is lowered of the Kubota SVL95-2S.

21.     The negligence in question of Defendant Kubota Tractor Corporation and/or Kubota Manufacturing of America Corporation and/or Kubota North America Corporation acting by and through their agents or employees singularly, in combination, or in the alternative was a proximate cause of Plaintiffs' injuries and damages.

## STRICT PRODUCT LIABILITY

22.     Plaintiffs incorporate the foregoing paragraphs herein.

23.     There was no substantial change in the condition of the Kubota SVL95-2S from the time it left the hands of Defendants Kubota (Kubota Tractor Corporation and/or Kubota Manufacturing of America Corporation and/or Kubota North America Corporation) to the time of Plaintiff Eurise LeBlanc's injuries.

24.     The Defendants Kubota (Kubota Tractor Corporation and/or Kubota Manufacturing of America Corporation and/or Kubota North America Corporation), acting by and through their agents and employees are strictly liable under the law of product liability for placing the Kubota SVL95-2S into the chain of commerce in the condition it was by design and manufacture, which were all producing causes of the occurrence in question and the Plaintiffs substantial injuries and damages.

25.     The defects described above rendered Plaintiffs' Kubota SVL95-2S an unreasonably dangerous product, a product fraught with unexpected dangers to all

foreseeable users and bystanders, for which Defendants Kubota are strictly liable in tort.

26. Additionally, Defendant Kubota Tractor Corporation and/or Kubota Manufacturing of America Corporation and/or Kubota North America Corporation were aware that the Kubota SVL95-2S should be equipped with components that guard against or prevent the pinch point which occurred herein including doors which typically were placed on this model and had for some time before the manufacture and sale of this machine and knew that the danger was so great that it could not be cured with a warning if not manufactured with the correct materials and designed to perform safely and as expected, and would cause danger or harm to users or others in proximity to the Kubota SVL95-2S.

27. In the alternative, Defendants Kubota Tractor Corporation and/or Kubota Manufacturing of America Corporation and/or Kubota North America Corporation failed to warn of such risk and breached its continuing duty after the sale of the Kubota SVL95-2S to provide such warnings to Plaintiffs, or to adequately inspect the Kubota SVL95-2S in question, and/or make the Kubota SVL95-2S safe for its intended use by Plaintiffs and others similarly situated prior to its sale. Defendants Kubota Tractor Corporation and/or Kubota Manufacturing of America Corporation and/or Kubota North America Corporation negligently placed the Kubota SVL95-2S into the chain of commerce a product that was unreasonably

dangerous as designed, manufactured and marketed and under the Texas product liability law are strictly liable for the injuries and damages they proximately and/or producingly caused.

DAMAGES

EURISE LEBLANC

28. At the time of the incident made the basis of this suit, Plaintiff, Eurise LeBlanc was 74 years of age, and as a direct and proximate or producing result of Defendant's negligence and strict liability your Plaintiff, Eurise LeBlanc has sustained mental and physical pain and suffering, mental anguish, permanent physical impairment, disfigurement, loss of wage earning capacity, loss of household services and loss of capacity to perform household services, all of which are in reasonable probability permanent.

29. From the date of the accident in question until the time of trial of this case, the elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff, Eurise LeBlanc for each element are as follows:

      a. The physical pain that Plaintiff, Eurise LeBlanc, has suffered from the date of the accident in question up to the time of trial.

      b. The mental anguish that your Plaintiff, Eurise LeBlanc has suffered from the date of the accident in question up to the time of trial.

  c. The loss or reduction in Plaintiff, Eurise LeBlanc's earnings or earning capacity in the past caused by the injuries sustained in the accident in question, beyond the time of trial.

  d. The physical impairment suffered by Plaintiff Eurise LeBlanc and the resulting inability to do those tasks and services that your Plaintiff, Eurise LeBlanc ordinarily would have been able to perform, from the date of the accident in question to the time of trial.

  e. The disfigurement which Plaintiff Eurise LeBlanc has suffered from the date of the accident in question up to the time of trial.

30. From the time of trial of this case, the elements of damages to be considered which Plaintiff, Eurise LeBlanc will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

  a. The physical pain that Plaintiff, Eurise LeBlanc will suffer in the future beyond the time of trial.

  b. The mental anguish that your Plaintiff, Eurise LeBlanc will suffer in the future beyond the time of trial.

  c. The loss or reduction in Plaintiff, Eurise LeBlanc earnings or earning capacity in the future caused by the injuries sustained in the accident in question, beyond the time of trial.

  d. The permanent physical impairment that Plaintiff, Eurise LeBlanc will continue to suffer in the future and the resulting inability

       to do those tasks and services that your Plaintiff, Eurise LeBlanc ordinarily would have been able to perform in the future beyond the time of trial.

    e. The disfigurement which Plaintiff Eurise LeBlanc will suffer in the future beyond the time of trial.

31. Because of all of the above and foregoing, Plaintiff, Eurise LeBlanc has been damaged and will be damaged in an amount within the jurisdictional limits of the Court.

<u>MEDICAL DAMAGES OF PLAINTIFF EURISE LEBLANC</u>

32. Further, as a direct and proximate result of Defendant's negligence, it was necessary for your Plaintiff, Eurise LeBlanc, to secure medical and hospital services, including drugs and other medication, and it is reasonably probable that he will require additional medical, hospital and drug services in the future beyond this date, if not for his natural life. Plaintiff Eurise LeBlanc here now sues for an additional sum within the jurisdictional limits of the Court for past and future medical, hospital and drug services.

<u>CYNTHIA LEBLANC</u>

33. Plaintiff, Cynthia LeBlanc, asserts her individual cause of action for loss of her husband, Eurise LeBlanc's consortium and household services. Plaintiff, Cynthia LeBlanc, would show the Court that consortium is the mutual right of a husband and wife to that affection, solace, comfort, companionship, society,

assistance, sexual relations, emotional support, love, and felicity necessary to a successful marriage. Plaintiff, Cynthia LeBlanc, would further show the Court that household services is the performance of household and domestic duties by a spouse to the marriage. From the date of the incident in question until the time of trial, the elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff, Cynthia LeBlanc, for each element are as follows:

    a. The damages suffered for the loss of household services that her spouse ordinarily would have been able to perform.

    b. The loss of consortium that she has suffered from the date of the incident in question up to the time of trial.

34. From the time of trial of this case, the elements of damages to be considered which Plaintiff, Cynthia LeBlanc, will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

    a. The future damages for the loss of household services that her spouse ordinarily would have been able to perform.

    b. The loss of consortium that she will suffer in the future beyond the time of trial.

35.     Because of all of the above and foregoing, Plaintiff, Cynthia LeBlanc, has been and will be damaged in an amount within the jurisdictional limits of the Court.

## GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

36.     Plaintiffs re-allege and incorporate by reference each of the allegations set forth in all preceding paragraphs as if set forth fully and reiterated herein in their entirety, pursuant to Fed. R. Civ. P. 10(c).

37.     The negligence and strict liability of the Defendants as alleged herein constitutes not only ordinary negligence, but gross negligence. In this regard, the conduct of the Defendants in placing into the chain commerce and allowing it to be operated, when it was known that Plaintiff and those similarly situated would be operating the machine, and failing to equip the Kubota SVL95-2S cabin with a door, or other barrier or protective device that would have prevented the occurrence made the basis of this lawsuit from occurring, made it unsafe for its intended use and such defect(s) and/or failure(s) created the dangerous condition and subsequent injuries and damages to Plaintiffs.

## PREJUDGMENT INTEREST

38.     In addition to the above and foregoing allegations, Plaintiffs further plead that they are entitled to prejudgment interest.

<u>PRAYER</u>

WHEREFORE Plaintiffs pray that on final trial or hearing of each and all foregoing claims and causes of action, Plaintiffs have and recover of and from Defendants, jointly and severally, all relief and damages as pleaded above, including exemplary damages, expenses, taxable costs and such other relief to which Plaintiffs may show themselves justly entitled to receive.

Respectfully submitted,

**THE LAW FIRM OF ALTON C. TODD**

By: <u>/s/　Alton C. Todd</u>
　　Alton C. Todd
　　Federal Bar no. 1308
　　State Bar No. 20092000
　　Seth Mitchell Park
　　Federal Bar No. 1000709
　　State Bar No. 24102325
　　312 S. Friendswood Drive
　　Friendswood, Texas 77546
　　Ph: (281) 992-8633
　　alton@actlaw.com
　　seth@actlaw.com

-and-

Keith Johnson
Federal Bar No. 14971
State Bar No. 10759985
PO Box 999
Clute, Texas 77531
Ph: (979) 265-5999

**ATTORNEYS FOR PLAINTIFFS**